# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAMON LOPEZ-ALVARADO,**

        **Plaintiff,**

**-vs-**         **Case No. 6:09-cv-784-Orl-22GJK**

**DEPARTMENT OF HOMELAND SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION
**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:**     **May 8, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that **the case be DISMISSED as frivolous and the Motion be DENIED as moot**.

## I. BACKGROUND

On May 8, 2009, Ramon Lopez-Alvardo (the "Plaintiff"), a prisoner, filed an Emergency Petition for Declaratory Judgment (the "Emergency Petition") seeking a declaration regarding whether the Department of Homeland Security (the "Defendant") "may lawfully reinstate the order that was entered [against Plaintiff] in violation of the Treaty of the Vienna Convention's right to Consular Assistance." Doc. No. 1. The Emergency Petition seeks a further declaration regarding whether "an alien may be

deported on a criminal offense that was not an aggravated felony at the time of the offense." Doc. No. 1 at 9. On May 8, 2009, Petitioner also filed a Motion to Proceed In Forma Pauperis (the "Motion"). Doc. No. 3. The Motion is presently before the Court.

## II. THE LAW

**The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### III. APPLICATION

The Emergency Petition is Petitioner's fifth attempt to overturn a final order of removal entered against him on May 18, 1999, by an Immigration Judge. *See* Doc. No. 1-2 at 4-13. On December 4, 2008, the Eleventh Circuit Court of Appeals denied Petitioner's fourth attempt at an appeal holding that the appeal was "untimely and number-barred, and an appeal of this issue would be frivolous." *Lopez-Alvarado v. U.S. Attorney General*, Case No. 08-13228-E (11th Cir. Dec. 4, 2008); Doc. No. 1-2 at 8. The Emergency Petition is merely a rehash of the same issues. In *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966), the Tenth Circuit held: "The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." *Id*. Because the Eleventh Circuit has already determined that claims are untimely, number-barred, and frivolous, and because Plaintiff is merely attempting to re-litigate matters the same issues for the fifth time, the undersigned recommends that the Emergency Petition (Doc. No. 1) be dismissed as frivolous and the Motion (Doc. No. 3) be DENIED as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

-3-

Recommended in Orlando, Florida on May 13, 2009.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy