# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**Ramon Lopez-Alvarado,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-784-Orl-18GJK**

**Department of Homeland Security,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration of Magistrate Judge Gregory J. Kelly's May 13, 2009 Report and Recommendation ("R&R"). (Doc. No. 4.) Plaintiff Ramon Lopez-Alvarado ("Plaintiff") filed Objections to the Magistrate's R&R (Doc. No. 5) on May 26, 2009.

### I. BACKGROUND

On May 8, 2008, Plaintiff filed an emergency petition for declaratory judgment (the "Emergency Petition") seeking a declaration whether the Department of Homeland Security ("DHS") "may lawfully reinstate the order of deportation that was entered [against Plaintiff] in violation of the Treaty of the Vienna Convention's right to Consular Assistance." (Doc. No. 1 p. 6.) Further, the Emergency Petition seeks a declaration regarding whether "an alien may be deported on a criminal offense that was not an aggravated felony at the time of the offense." (*Id*. at 9.) On May 8, 2009, Plaintiff also filed a Motion to Proceed In Forma Pauperis. (Doc. No. 3.)

In his R&R, Judge Kelly determined that the Emergency Petition is Plaintiff's fifth attempt to overturn a final order of removal entered against him by an Immigration Judge on May 18, 1999. (Doc. No. 4 p.3.) Finding that the Eleventh Circuit has already determined that Plaintiff's claims are

"untimely, number–barred, and frivolous," Judge Kelly recommended that the Emergency Petition be dismissed as frivolous and the Motion to Proceed In Forma Pauperis be denied as moot. (*Id.*)

## II. STANDARD OF REVIEW

When a party objects to the magistrate's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's R&R. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## III. ANALYSIS

In his objections to Judge Kelly's R&R, Plaintiff argues that the Emergency Petition is not an attempt to overturn the May 18, 1999 final order of deportation nor "a mere rehash of the same issues that were previously brought in [his] Motion To Reopen." (Doc. No. 5 ¶¶ 1-2.) The Court does not agree. In his motion to reopen his immigration case, Plaintiff made exactly the same arguments that make up his instant motion. The Board of Immigration Appeals ("BIA") found his motion both untimely and number-barred and denied the motion. (Doc. No. 1-2 p. 12.) On December 4, 2008, the Eleventh Circuit Court of Appeals denied Plaintiff's attempt at an appeal, holding that the BIA correctly determined that the "motion to reopen was barred procedurally from consideration" and "an appeal of the merits of the motion to reopen would be frivolous." (Doc. No. 1-2 p. 9.) Accordingly, Judge Kelly was correct in finding that Plaintiff is merely attempting to re-litigate the same issues for

the fifth time. The Court therefore finds that the Emergency Petition must be dismissed as frivolous and the Motion for Leave to Proceed In Forma Pauperis must be denied as moot.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's May 13, 2009, Report and Recommendation (Doc. No. 4) is APPROVED and ADOPTED.

2. The Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. No. 5), filed on May 26, 2009, are OVERRULED.

3. The Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 3), filed on May 8, 2009, is DENIED AS MOOT.

4. The Clerk is directed to close the case.

5. Any other pending motions are moot.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 1, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge